IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMI ROSE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2483 |
| : | |
| DEPARTMENT OF LABOR & : | |
| INDUSTRY, EQUAL OPPORTUNITY : | |
| OFFICE, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                                                    **JULY 29, 2019**

    Plaintiff Jimi Rose filed this civil action in the United States District Court for the Middle District of Pennsylvania against the "Department of Labor & Industry, Equal Opportunity Office," and three employees of that office identified as Mike Dopkin, Nancy Dischinat, and Janet, based on allegations that they discriminated against him by expelling him from the office after he allegedly threatened a security guard.[1] He also filed a Motion for Leave to Proceed *In Forma Pauperis*. The case was transferred to this Court because venue was improper in the Middle District. For the following reasons, the Court will grant Rose leave to proceed *in forma pauperis*, dismiss most of Rose's claims, provide Rose an opportunity to file an amended complaint, and permit him to proceed on one claim against two Defendants.

---

[1] The Complaint also identifies "Respondents' Superior," which does not appear to be a separate Defendant, but an indication that Rose intends to impose vicarious liability on the office for the actions of its employees. Accordingly, the Court will direct the Clerk to terminate this Defendant from the caption.

## I. FACTS

The events giving rise to Rose's claims occurred in March of 2019, when he visited the CareerLink office in Allentown, Pennsylvania. CareerLink is a program maintained via a partnership of the Pennsylvania Departments of Labor & Industry and Human Services. *See* Pennsylvania CareerLink, available at [https://www.pacareerlink.pa.gov/jponline#utm_medium=online&utm_source=paid_search&utm_campaign=careerlink_2019&utm_content=pgh_phl_employer&utm_term=ad_3](https://www.pacareerlink.pa.gov/jponline#utm_medium=online&utm_source=paid_search&utm_campaign=careerlink_2019&utm_content=pgh_phl_employer&utm_term=ad_3) (last visited June 12, 2019). Rose, who is black, visited the office on the occasion in question to make copies and use the fax machine. He alleges that Janet told him to sit down because CareerLink was not yet open for the day.

Five minutes later, Rose was approached by Dopkin who instructed Rose to follow him to a room adjacent to the waiting room, where a white woman was present. Rose claims that she had "eyes of Racial Hatred." (Compl. at 2.)[2] Dopkin instructed Rose to sit and "began yelling at [him] and telling [him] that his employee told him that [he, Rose,] had threatened a Security Guard." (*Id.*) Rose, however, claims that he had not threatened a guard and had no idea what Dopkin was talking about. Rose responded that he "did not know the Security Guard, Joe, except when [he] had bought the Security Guard, Joe, lunch and breakfast." (*Id.* at 3.)

Dopkin, whom Rose also alleges had eyes of "Racial Hatred," responded that Rose was lying and that he believed his employee, Janet, who made the accusation, and who is white.[3] (*Id.*) Accordingly, Dopkin "barred [Rose] from all CareerLink locations in Bethlehem and in

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

[3] Although unclear from the Complaint, it appears that Janet is not the same individual as the unidentified white employee who was in the room with Dopkin and Rose.

Allentown and explained he had spoken to his supervisor, Defendant Nancy Dischinat, before making his decision." (*Id.*) Rose, in an apparent attempt to counter the accusation, responded that he is seventy-five years old, suffers from various ailments, and has difficulty walking. Dopkin again responded that he believed his employee; Rose alleges that Dopkin spoke in a "harsh fashion," such the Rose "knew he was up against White Supremacy and a Black Man had no voice." (*Id.*) At that point, Rose allegedly remembered that he had spoken to Janet about a threat that two other individuals allegedly made toward the Security Guard. He notes his conversation with Janet was continuously interrupted while he was telling the story so she could address new visitors to the office and suggests that she may have misunderstood his story as a result of the interruptions.

Based on essentially those allegations, Rose filed this civil action pursuant to 42 U.S.C. § 1981, § 1983, § 1985 and § 1986. He claims that he was subjected to race discrimination, that his right to travel was infringed, and that even if he had made the threat, the Defendants reaction violates the First Amendment.[4] Rose seeks damages and an injunction restoring his right to visit the offices from which he was barred. As an alternative to damages, he requests the immediate termination of the individual Defendants from their employment.

## II. STANDARD OF REVIEW

Rose is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As Rose is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous

---

[4] Rose also refers to the Fifth Amendment, the Sixth Amendment, and the Eighth Amendment, but those amendments have no apparent application here whatsoever, so any claims Rose intended to bring under those amendment are dismissed with prejudice as frivolous.

3

or fails to state a claim. A Complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Section 1981 Claims

Rose may not proceed on his § 1981 claims because § 1981 does not provide a private right of action against a state actor. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). Rather, § 1983 provides "the exclusive remedy for violations of § 1981 by state actors." *Id.* Accordingly, the Court will dismiss Rose's § 1981 claims as legally baseless because he identifies the Defendants as state actors. (Compl. at 1 (alleging that the Defendants are "State Workers" who "represent and work for the Department of Labor and Industry").); *see*

*Goodall-Gaillard v. N.J. Dep't of Corr.*, 625 F. App'x 123, 128 (3d Cir. 2015) ("[A]s the District Court properly noted, § 1981 does not provide a private right of action against state actors.").

### B. Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court will dismiss Rose's § 1983 claims with the exception of his First Amendment claim against Dopkin and Dischinat.

#### 1. Claims Against the Department of Labor & Industry, Equal Opportunity Office

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity. *Id.* The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). As the Department of Labor & Industry and its offices are agencies of the Commonwealth of Pennsylvania, they are not subject to suit under the civil rights laws. *See Foster v. Pennsylvania Human Relations Comm'n.*, 157 F. App'x 488, 490 (3d Cir. 2005) (per curiam) (affirming dismissal of claims against Pennsylvania Department of Labor and Industry on Eleventh Amendment immunity grounds).

#### 2. Official Capacity Claims

As noted above, the Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and

5

as such, are also barred by the Eleventh Amendment.[5]  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 70-71.  Accordingly, the Court will dismiss Rose's damages claims against Dopkin, Dischinat, and Janet in their official capacities because those claims lack a legal basis.

### 3. Claims Against Individual Defendants

The Court understands Rose to be pursuing Equal Protection claims against the Defendants for discriminating against him based on his race.  The Court also understands Rose to be raising claims for violation of his right to travel and his First Amendment rights.  The Court will discuss these claims separately below.

#### a. Right to Travel

"The Supreme Court repeatedly and consistently has recognized a fundamental right to interstate travel . . . ."  *Maldonado v. Houstoun*, 157 F.3d 179, 185 (3d Cir. 1998).  "The Court has also noted that the right to travel has at least three components: (1) 'the right of a citizen of one State to enter and to leave another State'; (2) 'the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State'; and (3) 'for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.'"  *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 (3d Cir. 2013) (quoting *Saenz*

---

[5] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983.  *See Hafer*, 502 U.S. at 31.  Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id.*  The Eleventh Amendment also does not generally bar prospective declaratory or injunctive relief.  *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

*v. Roe*, 526 U.S. 489, 500 (1999)). Nothing in Rose's Complaint plausibly suggests that the right to interstate travel is implicated here nor does the Complaint suggest that Rose was discriminated against as an interstate traveler or based on his residency in a given state. Accordingly, Rose has not stated a claim for violation of his right to travel.

### b. Equal Protection Clause

The Equal Protection Clause directs that all similarly situated individuals be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The central purpose of the Clause 'is to prevent the States from purposely discriminating between individuals on the basis of race.'" *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 543 (3d Cir. 2011). To set forth an Equal Protection claim, a plaintiff must demonstrate that he is a member of a protected class and that he received different treatment than that received by other similarly-situated individuals. *See Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002).

Here, leaving Rose's numerous characterizations aside, as they are entitled to no weight, he has not alleged sufficient facts to support a race discrimination claim. His factual allegations taken as true indicate that the Defendants believed—falsely, according to Rose—that he made a threat against a security guard and expelled him on that basis. Nothing plausibly suggests that the Defendants treated Rose differently from any similarly situated individuals or treated him in the manner they did because of his race. The fact that the Defendants are white and Rose is black is insufficient to support an equal protection claim. *See Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (per curiam) ("Williams claimed only that his civil rights were violated by defendants of the opposite race, but that is insufficient to state an equal protection claim."). In sum, Rose has not plausibly alleged that he was intentionally discriminated against based on his race in violation of the Equal Protection Clause.

### c. First Amendment

"[T]he First Amendment requires neither equal nor unlimited access to public places." *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1255 (3d Cir. 1992); *see also U. S. Postal Serv. v. Council of Greenburgh Civic Assocs.*, 453 U.S. 114, 129 (1981) ("[T]he First Amendment does not guarantee access to property simply because it is owned or controlled by the government."). "[T]he right of access depends on the nature of the government property at issue." *Student Coal. for Peace v. Lower Merion Sch. Dist. Bd. of Sch. Directors*, 776 F.2d 431, 435 (3d Cir. 1985) (footnote omitted). In assessing a First Amendment challenge, the Court considers not only the claims asserted by the plaintiff but the governmental interests at stake, "which may include an interest in public safety and order." *Schenck v. Pro-Choice Network Of W. New York*, 519 U.S. 357, 375 (1997).

At this time, the Court cannot determine how to classify CareerLink's offices for purposes of the First Amendment. It may be that Dopkin and Dischinat had a valid reason for restricting Rose from the office if they believed him to present a legitimate threat. *In re Prewitt*, 84 F. App'x 397, 398 (5th Cir. 2003) (per curiam) ("[T]he district court found Prewitt to be a threat to public safety, which presents a legitimate cause for limiting his access to the courthouse."). However, taking all inferences in favor of Rose, he will be permitted to proceed on his First Amendment claims at this time against Dopkin and Dischinat so they may respond to the Complaint. Rose will only be permitted to proceed on this claim against Dopkin and Dischinat because nothing suggests that Janet played any decision-making role with regard to Rose's expulsion from the offices.[6]

---

[6] Rather, all Janet is alleged to have done is report a threat to supervisors. Even if she misunderstood Rose and misperceived the threat, her conduct does not implicate the First Amendment.

## C. Section 1985 Claims

Rose has failed to state a claim under § 1985(3).[7] "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Rose has not pled a plausible basis for a claim under § 1985(3). Leaving aside Rose's conclusory allegations, characterizations, and embellishments, he has not alleged any facts to suggest that the Defendants participated in a race-based conspiracy. As noted above, the facts alleged by Rose—as opposed to his narrations and characterizations—do not plausibly support an inference that he was discriminated against based on his race. Rather, the Defendants

---

[7] The Court understand Rose to be pursuing claims under § 1985(3). Section 1985(1) and 1985(2) have no applicability here, as nothing in the Complaint suggests that Rose was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

expelled him from the office because they believed he had threatened a security guard.

Accordingly, the Court will dismiss Rose's § 1985(3) claim because it is not plausible.

### D. Section 1986 Claims

Finally, Rose asserts claims pursuant to 42 U.S.C. § 1986. (Compl. at 2.) That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (internal quotations omitted). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* As discussed above, however, Rose has failed to allege the existence of a § 1985 conspiracy. He therefore cannot maintain plausible § 1986 claims against the Defendants.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss all of his claims except for his First Amendment claims against Dopkin and Dischinat. Rose will be given leave to file an amended complaint. If he fails to do so, the Court will direct service on Dopkin and Dischinat only.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**