# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMI ROSE, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2483 |
| : | |
| MIKE DOPKIN, *et al.*, : | |
|    Defendants. : | |

## MEMORANDUM

**SCHMEHL, J. /s/JLS**                                                                               **AUGUST 27, 2019**

      Currently before the Court is an Amended Complaint filed by Plaintiff Jimi Rose, who is representing himself (proceeding *pro se*) against three employees of the CareerLink Office in Allentown, Pennsylvania.[1] For the following reasons, the Court will dismiss Rose's claims with the exception of his First Amendment claims against Defendants Mike Dopkin and Nancy Dischinat.

### I.    FACTS AND PROCEDURAL HISOTRY

      The events giving rise to Rose's claims occurred in March of 2019, when he visited the CareerLink office in Allentown. The gist of Rose's initial Complaint was that Defendant Janet, an employee at the office, reported that Rose, who is black, made a threat against the security guard. As a result, Defendant Dopkin, after speaking with his supervisor, Defendant Dischinat, barred Rose from all CareerLink offices in Allentown and Bethlehem. Accordingly, Rose filed

---

[1] CareerLink is a program maintained via a partnership of the Pennsylvania Departments of Labor & Industry and Human Services. *See* Pennsylvania CareerLink, available at https://www.pacareerlink.pa.gov/jponline#utm_medium=online&utm_source=paid_search&utm_campaign=careerlink_2019&utm_content=pgh_phl_employer&utm_term=ad_3 (last visited June 12, 2019).

this civil action pursuant to 42 U.S.C. § 1981, § 1983, § 1985 and § 1986, claiming that he was subjected to race discrimination, that his right to travel was infringed, and that even if he had made the threat, the Defendants reaction violated the First Amendment. He also included the Department of Labor & Industry, Equal Opportunity Office as a Defendant.

In a July 29, 2019 Memorandum and Order, the Court granted Rose leave to proceed *in forma pauperis* and dismissed most of his claims pursuant to 28 U.S.C. § 1915(e)(2)(B). First, the Court dismissed any § 1981 claims because that statute does not provide a right of action against a state actor. Second, the Court dismissed Rose's § 1983 claims against the Department of Labor & Industry, Equal Opportunity Office and the individual Defendants in their official capacities because those claims are barred by the Eleventh Amendment. Third, the Court rejected Rose's right to travel claims because Rose did not allege that he was discriminated against as an interstate traveler or based on his residency in a given state. Fourth, the Court dismissed Rose's equal protection claims because, leaving his conclusory allegations and characterizations aside, he failed to allege that he was treated differently from others similarly situated based on his race. The Court also concluded that Rose failed to state a claim under § 1985(3) because he failed to state a race-based conspiracy and that the absence of a plausible § 1985(3) claim was fatal to his § 1986 claim. Although the Court permitted Rose to proceed on his First Amendment claims against Dopkin and Dischinat based on their expulsion of Rose from CareerLink offices, Rose was also given leave to file an amended complaint.

Rose returned with an Amended Complaint against Janet, Dopkin, and Dischinat, raising claims pursuant to 42 U.S.C. § 1983, § 1985 and § 1986. Rose alleges that on the occasion in question, he overheard two boys joking about harming the security guard and that he passed that information along to Janet. Rose alleges that Janet "made a Judgement Call which painted

2

[him], an Elderly Black Man, in the worst light possible given the situation" and "fabricated a story" by telling Dopkin that Rose intended to harm her or the security guard. (Am. Compl., ECF No. 13, at 2.)[2] Dopkin then reported the information to Dischinat. Rose alleges that Dopkin and Dischinat essentially conspired to believe Janet, a white woman, over his version of events, and permanently expelled him from CareerLink offices on that basis. Based on those allegations, Rose seeks damages from the Defendants for allegedly violating his civil rights.

## II. STANDARD OF REVIEW

As Rose is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Amended Complaint if it is frivolous or fails to state a claim. A Complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As Rose is proceeding

---

[2] The Court adopts the pagination assigned to the Amended Complaint by the CM-ECF docketing system.

*pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court will dismiss Rose's § 1983 claims with the exception of his First Amendment claims against Dopkin and Dischinat.

#### 1. Official Capacity Claims

As noted in the Court's prior opinion, the Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[3] *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Court will dismiss Rose's damages claims against the Defendants in their official capacities because those claims

---

[3] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.* The Eleventh Amendment also does not generally bar prospective declaratory or injunctive relief, although Rose does not request any such relief in his Amended Complaint. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

4

lack a legal basis. The Court will discuss Rose's claims against the Defendants in their individual capacities below.

### 2. Right to Travel

"The Supreme Court repeatedly and consistently has recognized a fundamental right to interstate travel . . . ." *Maldonado v. Houstoun*, 157 F.3d 179, 185 (3d Cir. 1998). "The Court has also noted that the right to travel has at least three components: (1) 'the right of a citizen of one State to enter and to leave another State'; (2) 'the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State'; and (3) 'for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.'" *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 (3d Cir. 2013) (quoting *Saenz v. Roe*, 526 U.S. 489, 500 (1999)). As with the initial Complaint, nothing in Rose's Amended Complaint plausibly suggests that the right to interstate travel is implicated here nor does the Amended Complaint suggest that Rose was discriminated against as an interstate traveler or based on his residency in a given state. Accordingly, Rose has not stated a claim for violation of his right to travel.

### 3. Equal Protection Clause

The Equal Protection Clause directs that all similarly situated individuals be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The central purpose of the Clause 'is to prevent the States from purposely discriminating between individuals on the basis of race.'" *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 543 (3d Cir. 2011). To set forth an Equal Protection claim, a plaintiff must demonstrate that he is a member of a protected class and that he received different treatment than that received by other similarly-situated individuals. *See Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002).

Rose has again failed to allege a plausible basis for an Equal Protection claim. As before, Rose's characterizations are not entitled to any weight. His factual allegations, taken as true, indicate that the Defendants believed—falsely, according to Rose—that he made a threat against a security guard and expelled him on that basis. The primary basis for his equal protection claim is that Janet, who is white, misinterpreted what he said and that Dopkin and Dischinat believed Janet's word over his. However, the fact that the Defendants are white and Rose is black is insufficient to support an equal protection claim. *See Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (per curiam) ("Williams claimed only that his civil rights were violated by defendants of the opposite race, but that is insufficient to state an equal protection claim."). Indeed, nothing in the Amended Complaint plausibly suggests that the Defendants treated Rose differently from any similarly situated individuals or treated him in the manner they did because of his race. Rose's speculation that a similarly situated white person would not have been treated in the same manner is not sufficient to sustain a plausible equal protection claim.

### 4. First Amendment

"[T]he First Amendment requires neither equal nor unlimited access to public places." *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1255 (3d Cir. 1992); *see also U. S. Postal Serv. v. Council of Greenburgh Civic Assocs.*, 453 U.S. 114, 129 (1981) ("[T]he First Amendment does not guarantee access to property simply because it is owned or controlled by the government."). "[T]he right of access depends on the nature of the government property at issue." *Student Coal. for Peace v. Lower Merion Sch. Dist. Bd. of Sch. Directors*, 776 F.2d 431, 435 (3d Cir. 1985) (footnote omitted). In assessing a First Amendment challenge, the Court considers not only the claims asserted by the plaintiff but the governmental interests at

stake, "which may include an interest in public safety and order." *Schenck v. Pro-Choice Network of W. New York*, 519 U.S. 357, 375 (1997).

As before, the Court cannot determine how to classify CareerLink's offices for purposes of the First Amendment. It may be that Dopkin and Dischinat had a valid reason for restricting Rose from the office if they believed him to present a legitimate threat. *In re Prewitt*, 84 F. App'x 397, 398 (5th Cir. 2003) (per curiam) ("[T]he district court found Prewitt to be a threat to public safety, which presents a legitimate cause for limiting his access to the courthouse."). However, taking all inferences in favor of Rose, he will be permitted to proceed on his First Amendment claims at this time against Dopkin and Dischinat so they may respond to the Complaint. The Court does not conclude that Rose has stated a claim. Rather, the Court declines to dismiss this claim at the screening stage. Rose will only be permitted to proceed on his First Amendment claims against Dopkin and Dischinat because nothing suggests that Janet played any decision-making role with regard to Rose's expulsion from the offices.[4]

### 5. Section 1985 Claims

Rose has failed to state a claim under § 1985(3).[5] "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d

---

[4] Rather, all Janet is alleged to have done is report a threat to supervisors. Even if she misunderstood Rose and misperceived the threat, her conduct does not implicate the First Amendment.

[5] Section 1985(1) and 1985(2) have no applicability here.

131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Rose has not pled a plausible basis for a claim under § 1985(3). Leaving aside Rose's conclusory allegations and characterizations, he has not alleged any facts to suggest that the Defendants participated in a race-based conspiracy. As noted above, the facts alleged by Rose do not plausibly support an inference that he was discriminated against based on his race. Accordingly, the Court will dismiss Rose's § 1985(3) claim because it is not plausible.

### 6. Section 1986 Claims

Finally, Rose asserts claims pursuant to 42 U.S.C. § 1986. That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (internal quotations omitted). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission

8

of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* As discussed above, Rose has failed to allege the existence of a § 1985 conspiracy. He therefore cannot maintain plausible § 1986 claims against the Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss all of his claims except for his First Amendment claims against Dopkin and Dischinat in their individual capacities. The claims that the Court has dismissed from the Amended Complaint suffer from the same defects as those dismissed from the initial Complaint. Accordingly, Rose will not be permitted to file another amended pleading as to those claims. The Court will direct service of the Amended Complaint on Dopkin and Dischinat at this time.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**